UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDELL CAMPBELL, #25318039,

        Plaintiff,

                                    CASE NO. 2:08-CV-14805
v.                                    HONORABLE VICTORIA A. ROBERTS

UNITED STATES GOVERNMENT,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.**

The Court has before it Plaintiff Cardell Campbell's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents fo the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

Plaintiff appears to be a pre-trial detainee and is currently confined at the Federal Correctional Institution in Milan, Michigan. In his complaint, Plaintiff alleges that an Officer Lilly made an illegal traffic stop and made a false report, that an Officer Malagretta gave orders to stop and detain him, that an improper search warrant was used to obtain evidence against him giving rise to criminal charges, and that he is being held without bond. Petitioner does not indicate in his complaint whether he is being held in custody pursuant to state charges or federal charges or both. He names the United States Government as the sole defendant in this action. Plaintiff seeks monetary damages and other relief.

1

**II.**

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III.**

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failure to state a claim upon which relief may be granted and on the basis of immunity.

In his complaint, Plaintiff challenges his current confinement, essentially raising Fourth Amendment issues related to his arrest and criminal charges. A claim under 42 U.S.C. § 1983 and/or *Bivens* is an appropriate remedy for a prisoner challenging a condition of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff, however, is actually seeking habeas corpus relief, inasmuch as his claims address his arrest and criminal charges. Ruling on the claims raised would necessarily imply the invalidity of his continued confinement. Such claims are not properly brought under § 1983 or *Bivens*. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (*Heck* applies to *Bivens* actions as well as claims under § 1983). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. Given that Plaintiff challenges the circumstances underlying his confinement, his civil rights complaint must be dismissed.

Additionally, the Court notes that Plaintiff's claims against the United States Government are also subject to dismissal because "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Indeed, it is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206,

212 (1983). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Plaintiff in this case has not shown that the United States Government has waived sovereign immunity for this action. *See, e.g., Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (indicated that the United States has not waived sovereign immunity for *Bivens* claims). Accordingly, Plaintiff's claims against the United States Government are also subject to dismissal on the basis of immunity.

## IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and that the defendant is immune from suit. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

          **s/Victoria A. Roberts**
          **Victoria A. Roberts**
          **United States District Judge**

**Dated: December 4, 2008**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Cardell Campbell by electronic means or U.S. Mail on December 4, 2008.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**